**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3015-18T2

CRISTIAN VASILE,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted March 2, 2020 – Decided May 12, 2020

Before Judges Vernoia and Susswein.

On appeal from the New Jersey Department of Corrections.

Cristian Vasile, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae, Assistant Attorney General, of counsel; Beonica A. McClanahan, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner, Cristian Vasile, is a State Prison inmate. He appeals pro se from a Department of Corrections (DOC) final agency decision finding that he used an unprescribed prohibited substance, Suboxone, in violation of N.J.A.C. 10A:4-4.1(a)(2)(xvi). The hearing officer imposed 120 days of administrative segregation; a 120-day loss of commutation credits; 365 days of urine monitoring; a 365-day loss of contact visits; and a 15-day loss of recreation privileges.

Vasile contends on appeal that DOC did not prove the chain of custody of the urine specimen that tested positive for Suboxone. He also contends that the corrections officer who collected the specimen inappropriately served as the investigating officer after the disciplinary charge was filed. Finally, Vasile contends his due process rights were violated because the hearing officer denied his request for the urinalysis results of the nine other inmates who were tested at the same time. After reviewing the record in light of the applicable legal principles, we reject Vasile's contentions and affirm the disciplinary conviction.

I.

In January 2019, Vasile and nine other inmates were administratively transferred from the Bayside State Prison Farm Unit to the medium unit. As a routine procedure, all ten inmates were required to submit a urine specimen for

on-site analysis.  Corrections Officer Alvarez collected the specimens.  After Vasile's specimen tested positive for Suboxone, Corrections Sergeant Probst conducted an initial interview with Vasile and filed a disciplinary report.  The urine specimen was refrigerated and sent to a laboratory for confirmatory testing.  That test confirmed the initial on-site results.  Corrections Sergeant Saduk served the resulting disciplinary charge on Vasile, conducted a follow-up investigation, and referred the matter to a hearing officer.

At the disciplinary hearing, Vasile was represented by counsel substitute. Vasile was afforded the opportunity to cross-examine Sergeant Probst.  Counsel substitute argued that Vasile had not used unprescribed drugs.[1]  However, Vasile presented no evidence to support that claim.  Vasile declined the opportunity to call witnesses, and he did not testify on his own behalf at the hearing.

## II.

We begin our analysis by acknowledging certain legal principles that govern this appeal.  We will disturb the DOC's final agency decision only if we determine it is "arbitrary, capricious or unreasonable," or is unsupported "by

---

[1]  On appeal, Vasile now also claims that the specimen cups were not labeled. At the hearing, Probst testified on cross-examination that he did not witness the specimen cups being labeled.  However, Vasile presented no testimony or other evidence that the cups were unlabeled.

A-3015-18T2

substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579–80 (1980) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)). Despite this deferential standard, our review is not "perfunctory," nor is "our function . . . merely [to] rubberstamp an agency's decision[.]" Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010) (citations omitted). Rather, "[w]e are constrained to engage in a 'careful and principled consideration of the agency record and findings.'" Williams, 330 N.J. Super. at 204 (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

In doing so, we remain mindful of DOC's important mission to maintain prison safety and security, which is threatened by unauthorized drug use. See Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 238 (App. Div. 2019) (noting that prisons are dangerous, volatile places and that "inmates' unauthorized narcotics use and possession seriously threaten[s] prison safety and security" (citing Hamilton v. N.J. Dep't of Corr., 366 N.J. Super. 284, 289 (App. Div. 2004))).

Applying those foundational principles, we reject Vasile's contention that DOC failed to establish a proper chain of custody of his urine specimen. The record shows to the contrary that every step from collection to initial on-site

testing to refrigerated storage to delivery to the laboratory for confirmatory testing was properly documented and proved at the hearing.

So too, Vasile's contention that Sergeant Probst improperly served both as an officer involved in the specimen collection process and as the investigating officer is belied by the record.[2]  Sergeant Probst served neither of those roles. Rather, it was Officer Alvarez who collected and documented the collection of Vasile's urine.  Similarly, it was Sergeant Saduk who conducted an investigation after a confirmatory lab test confirmed that Vasile's urine specimen was positive for Suboxone.  Sergeant Saduk played no role in the collection, handling, or testing of Vasile's urine specimen.

We also reject Vasile's contention that his due process rights were violated because the hearing officer denied his request for the urinalysis results of the nine other inmates who were tested at the same time.   Vasile has failed to demonstrate the relevancy of the other test results.  He was disciplined based on the urinalysis results of his own specimen.

Likewise, we reject Vasile's contention he was denied due process because he was not permitted to call as witnesses the other inmates who were tested.  The

---

[2]   N.J.A.C. 10A:4-9.5(b) requires that the investigation of a suspected disciplinary infraction must be conducted by "an employee of supervisory level who has not been involved in the particular incident to be investigated."

record shows, contrary to his contention on appeal, he was offered the opportunity to call witnesses and declined to do so. We thus conclude that DOC afforded Vasile with all of the rights and procedural protections to which he was entitled at the hearing. See Avant v. Clifford, 67 N.J. 496, 522 (1975) (specifying the procedural due process requirements at a disciplinary hearing).

In sum, we hold DOC's findings are supported by substantial credible evidence in the record as a whole, and is not arbitrary, capricious or unreasonable. Henry, 81 N.J. at 580. To the extent we have not addressed them, any additional arguments Vasile raises in his pro se brief lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3015-18T2